UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KERMIT PARKER (#119466)**                                    CIVIL ACTION

**VERSUS**

**W. LEONARD, ET AL.**                                         NO. 07-0737-B-M2

NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, June 26, 2008.

                                     **MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**KERMIT PARKER (#129332)**                                            **CIVIL ACTION**

**VERSUS**

**W. LEONARD, ET AL.**                                                 **NO. 07-0737-B-M2**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against W. Leonard, Trish Foster, Linda Ramsey, Secretary Richard Stalder, Warden Burl Cain, Shirley Coody, Joe Lamartinere and R.L. Peabody, complaining that in October, 2004, after the occurrence of a verbal confrontation between the plaintiff and defendant Leonard, the defendant confiscated all of the plaintiff's legal materials for placement in storage. Thereafter, in April, 2005, when the plaintiff's legal materials were returned to him, he discovered that his lawbooks were missing. The plaintiff notified prison officials of this loss, and when efforts to locate these materials were unsuccessful, the plaintiff commenced an administrative lost property claim in March, 2006. The plaintiff complains that after investigation and after administrative proceedings conducted by the remaining defendants, this claim was ultimately denied, by defendant Cain in April, 2006, and by defendant Stalder's office in September, 2006. Finally, upon allegedly obtaining information from his parents that an eyewitness to the crime for which he was incarcerated had come forward with information tending to exonerate the plaintiff, the plaintiff sought to obtain his legal papers, including pleadings and transcripts relating to his criminal proceedings.

When these could not be located, the plaintiff filed a second lost property claim, which claim was also denied by the defendants, this time in June, 2007.  The plaintiff seeks monetary damages for the defendants' alleged wrongful conduct, and he prays that the defendants be required to provide him with replacement copies of his legal papers.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.  Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995).  A § 1915(e) dismissal may be made at any time, before or after service of process, and before or after an answer is filed.  Green v. McKaskle, supra.  In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion thereof, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted".

The pleadings in this action fail to show that there is an arguable factual and legal basis of constitutional dimension for the asserted wrong.  Initially, the plaintiff has named the defendants herein in both their individual and their official capacities.  Notwithstanding, the law is clear that § 1983 does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.  Neither a state, nor its officials acting in their official capacities, are "persons" under § 1983.  Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).  Therefore, it is clear that the plaintiff fails to state a claim under § 1983 against the defendants in their official capacities.

Turning to the plaintiff's claim against the defendants in their individual capacities, the Court first notes that the plaintiff's claim against defendants Trish Foster, Linda Ramsey, Richard Stalder, Burl Cain, Shirley Coody, Joe Lamartinere and R.L. Peabody is solely that these defendants failed to properly investigate or respond favorably to his administrative lost property claims.  The law is clear, however, that the plaintiff has no constitutional right to have his grievances addressed, investigated, or favorably resolved.  Further, there is no procedural due process right inherent in such a claim.  As stated by the United States Court of Appeals for the Fifth Circuit, in <u>Geiger v. Jowers</u>, 404 F.3d 371 (5th Cir. 2005):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous.  "[A] prison has a liberty interest only in 'freedom[s] from restraint ... impos[ing] <u>atypical</u> and significant hardship on the inmate in relation to the ordinary incidents of prison life'" [The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction.  As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.

(Emphasis in original).  Accordingly, the plaintiff's claim regarding the alleged failure of these defendants to properly address or investigate his administrative grievances is without legal foundation and must be dismissed.

Finally, turning to the plaintiff's claim against the remaining defendant, W. Leonard, under well-established legal principles, the plaintiff's claim that the defendant has lost, mishandled, or deprived him of his legal or personal property is not properly before this Court. Random, unauthorized, and even intentional actions by state officials which result in deprivations of property do not violate the federal Constitution if an adequate post-deprivation state remedy exists.

Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 383 (1984). It is clear that the State of Louisiana provided ample remedies under which the plaintiff could have proceeded against the defendant for recovery of his property or for reimbursement for its loss. Marshall v. Norwood, 741 F.2d 761 (5th Cir. 1984). Accordingly, the plaintiff's claim in this regard is without constitutional merit and should be dismissed.

The plaintiff next claims that, by the defendant's actions, the defendant has deprived the plaintiff of access to the courts. This claim seeks to invoke the provisions of the First Amendment to the United States Constitution. In this regard, in order for the plaintiff to state a violation of his constitutional right to meaningful access to the courts, he must allege that he has suffered some cognizable legal prejudice or detriment caused by the challenged conduct. Crowder v. Sinyard, 884 F.2d 804 (5th Cir. 1989), cert. denied, 496 U.S. 924, 110 S.Ct. 2617, 110 L.Ed.2d 638 (1990), citing Howland v. Kilquist, 833 F.2d 639 (7th Cir. 1987). See also Lewis v. Casey, 511 U.S. 1066, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). In the instant case, however, the Court concludes that the plaintiff's claim of legal prejudice is overly speculative and, so, is not cognizable in this Court.

The plaintiff has alleged that he has obtained second-hand information from his parents that an eye-witness to the crime for which he was sentenced has "come forward after 16 years to confess that he witnessed the murder & he knows ... that I'm innocent & he knows who killed the officer." The plaintiff further asserts that he needs his records relative to his criminal case in order to "start constructing his post-conviction/actual innocence claim." Notwithstanding, the Court

concludes that the plaintiff fails to state a violation of his constitutional civil rights.

Initially, although the plaintiff asserts that defendant Leonard wrongfully confiscated his legal materials for placement in storage in October, 2004, the plaintiff makes no assertion that defendant Leonard or any other defendant <u>intentionally</u> mislaid or lost the materials. In order to state a cause of action under § 1983, a plaintiff must allege intentional wrongdoing by prison officials which has violated his constitutional rights. Mere negligence is not sufficient to state a cause of action under this statute. The due process clause is not implicated by a state official's negligent act causing unintended injury to life, liberty or property. <u>Daniels v. Williams</u>, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); <u>Davidson v. Cannon</u>, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986). Accordingly, in the absence of any allegation of intentional wrongdoing by defendant Leonard, there is no basis for the imposition of liability against this defendant.

Further, it does not appear that the plaintiff has established any prejudice in fact resulting from the defendant's conduct. There is no showing, for example, that the plaintiff is or was actually in need of his criminal records in order to make the limited argument in state court that a single witness had come forward with new evidence relative to his innocence. The plaintiff has filed numerous lawsuits in both state and federal courts, and this Court believes that the plaintiff was well able to file such pleadings in state court without possession of the entirety of his criminal record. And to the extent that he may believe that he is or was in need of certain portions thereof, there is nothing in the record suggesting that the plaintiff was unable or will be unable to obtain pertinent excerpts from the state courts themselves.

Finally, to the extent that the plaintiff prays that this Court order the defendants to provide him with a copy of the lost or misplaced documents, this claim is not properly before the Court.  The United States District Court lacks jurisdiction to review actions in the nature of mandamus to compel state officers or employees to perform duties owed to the plaintiff.  <u>Rothstein v. Montana State Supreme Court</u>, 637 F.Supp. 177 (D.Mont. 1986); 28 U.S.C. § 1361.  Accordingly, it is clear that the plaintiff's claims are frivolous as a matter of law and must be dismissed.

<u>RECOMMENDATION</u>

It is the recommendation of the Magistrate Judge that the plaintiff's Complaint be dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915, without prejudice to any state law claims which the plaintiff may have.

Signed in chambers in Baton Rouge, Louisiana, June 26, 2008.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**